1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                        **WESTERN DIVISION**

11

12   THERESA L. THOMAS,            )      No. CV 05-6569 (CW)
                                    )
13                  Plaintiff,      )      DECISION AND ORDER
               v.                   )
14                                  )
     JO ANNE B. BARNHART,           )
15   Commissioner, Social Security  )
     Administration,                )
16                                  )
                    Defendant.      )
17   _____)

18

19        The parties have consented, under 28 U.S.C. § 636(c), to the

20   jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21   review of the Commissioner's denial of disability benefits.  As

22   discussed below, the court finds that the Commissioner's decision

23   should be reversed and this matter remanded for further proceedings.

24                       **I.   BACKGROUND**

25        Plaintiff Theresa Thomas was born on March 18, 1962, and was

26   forty-two years old at the time of her administrative hearing.

27   [Administrative Record, "AR," 63, 330.]  She has a high school

28   education and past relevant work experience as a correctional officer,

                                   1

cashier/checker, car hop, short order cook, nurse's assistant and hand packager. [AR 19, 22.]  Plaintiff alleges disability on the basis of obesity, chronic cholecystitis,[1] and back pain. [AR 19, 20.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on September 6, 2005, and filed on September 9, 2005.  On March 7, 2006, defendant filed an answer and plaintiff's Administrative Record ("AR").  On July 25, 2006, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on October 20, 2003, alleging disability since June 25, 2002.  [AR 59, 307.]  After the applications were denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on March 2, 2005, before Administrative Law Judge ("ALJ") Sandra Rogers. [Transcript, AR 330.] Plaintiff appeared with counsel, and testimony was taken from plaintiff and vocational expert Sandra Trost. [Id.]  The ALJ denied benefits in a decision dated March 23, 2005.  [Decision, AR 23.]  When the Appeals Council denied review on July 15, 2005, the ALJ's decision became the Commissioner's final decision.  [AR 6.]

## IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or

---

[1]  Cholecystitis is inflammation of the gall bladder.  See www.webmd.com.

ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir.  2001); <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance."  <u>Reddick</u>, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  <u>Id</u>.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  <u>Id</u>.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner.  <u>Reddick</u>, 157 F.3d at 720-721; <u>see also</u> <u>Osenbrock</u>, 240 F.3d at 1162.

## V.  <u>DISCUSSION</u>

### A.   THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at

1    721; 42 U.S.C. § 423(d)(1)(A).

2         Disability claims are evaluated using a five-step test:

3         Step one: Is the claimant engaging in substantial
     gainful activity?  If so, the claimant is found not
4    disabled.  If not, proceed to step two.
          Step two: Does the claimant have a "severe" impairment?
5    If so, proceed to step three.  If not, then a finding of not
     disabled is appropriate.
6         Step three: Does the claimant's impairment or
     combination of impairments meet or equal an impairment
7    listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
     so, the claimant is automatically determined disabled.  If
8    not, proceed to step four.
          Step four: Is the claimant capable of performing his
9    past work?  If so, the claimant is not disabled.  If not,
     proceed to step five.
10        Step five: Does the claimant have the residual
     functional capacity to perform any other work?  If so, the
11   claimant is not disabled.  If not, the claimant is disabled.

12
     Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended
13
     April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107
14
     S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20
15
     C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or
16
     "not disabled" at any step, there is no need to complete further
17
     steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.
18
          Claimants have the burden of proof at steps one through four,
19
     subject to the presumption that Social Security hearings are non-
20
     adversarial, and to the Commissioner's affirmative duty to assist
21
     claimants in fully developing the record even if they are represented
22
     by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at
23
     1288.  If this burden is met, a prima facie case of disability is
24
     made, and the burden shifts to the Commissioner (at step five) to
25

26

27

28

                                     4

prove that, considering residual functional capacity ("RFC")[2], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (step one); that plaintiff had "severe" impairments, namely abdominal pain of an unknown etiology and back pain (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 19.]  The ALJ found that plaintiff had an RFC for a wide range of work at the light exertional level. [AR 20.] According to the vocational expert, plaintiff's RFC enabled her to perform her past relevant work as a hand packager (step four). [AR 22.]  Thus, plaintiff was found not "disabled" as defined by the Social Security Act.

**C.  ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies two disputed issues:

1.   Whether the ALJ properly considered the treating and examining medical evidence; and

2.   Whether the ALJ properly considered plaintiff's credibility. [JS 4.]  As discussed below, Issue Two is dispositive.

---

[2]  Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

**D.   PLAINTIFF'S CREDIBILITY**

In August 2003, plaintiff had her gall bladder removed after being diagnosed with chronic cholecystitis. [AR 166.]  One week later, the surgeon observed that plaintiff is "doing extraordinarily well" and concluded that, "No further follow-up is scheduled from my standpoint." [AR 202.]  However, within a few months, plaintiff's pain had returned. [AR 222.]  She was diagnosed with lower back pain and abdominal pain, etiology unknown. [AR 241.]  Plaintiff's abdominal and back pain persisted in 2004. [AR 244, 249-50.]  During the administrative hearing, plaintiff testified that her typical day consists of taking medication (which helps only fleetingly), watching television, and alternating between sitting and lying down. [AR 334-36.]  She further testified that she could not return to her past relevant work because she could not sit for long periods. [AR 339.]

The ALJ found plaintiff less than "wholly credible" because "the allegations by the claimant as to the intensity, persistence, and limiting effects of her symptoms were not well supported by the probative evidence." [AR 21.]  The ALJ elaborated that "claimant's December 2003 lumbar spine x-ray and hip x-ray are consistent with the limitations found herein." [Id.]  The ALJ also noted that, "There are no continuous side effects of medication.  When side effects are mentioned, the treatment notes reflect that the medication was adjusted or changed." [Id.]

In the Ninth Circuit, an ALJ must provide "clear and convincing" reasons before rejecting a claimant's subjective symptom allegations. Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001)(An ALJ must "specifically identify" the testimony found not credible and "explain what evidence undermines the testimony," and the evidence on which the

ALJ relies must be "substantial."); see also Tonapetyan, 242 F.3d at
1148 ("The ALJ must give specific, convincing reasons for rejecting
the claimant's subjective statements."); Light v. Social Security
Admin., 119 F.3d 789, 792 (9th Cir. 1997).  In this case, the first
reason provided by the ALJ, that the objective medical findings do not
corroborate the severity of plaintiff's allegations, if accurate, is a
permissible reason to discount a plaintiff's credibility as long as it
is not the only reason.  Burch v. Barnhart, 400 F.3d 676 (9th Cir.
2005)("Although lack of medical evidence cannot form the sole basis
for discounting pain testimony, it is a factor that the ALJ can
consider in his credibility analysis."); Bunnell v. Sullivan, 947 F.2d
341, 345 (9th Cir. 1991) (en banc)(The absence of medical findings to
support the degree of severity alleged "is just one factor to be
considered in evaluating the credibility of the testimony and
complaints.").  It is not clear that this was a legitimate reason to
reject plaintiff's credibility:  the treatment notes chronicle that
plaintiff has had an unremitting "belt-like" pain ever since her
cholecystectomy, without any indication by a treating or examining
source that plaintiff's complaints were not credible. [AR 244, 249-
50.]  Even if the ALJ's evaluation of the medical evidence was
convincing, however, it still could not comprise substantial evidence
to support the credibility determination because the other reasons are
not convincing.

     The second reason cited, that x-rays of plaintiff's lumbar spine
and hip were consistent with the ALJ's RFC assessment, is not
supported by the record.  The x-rays were described by examining
physician Chittur Ramanathan, who interpreted them to indicate
diminished disc space with some sclerosis of the articular surface,

possible arthritic changes, and degenerative disc disease. [AR 223.]
Neither Dr. Ramanathan nor any other physician offered an opinion as
to the functional limitations that would arise from such findings.
Thus, the ALJ's conclusion that the x-rays were consistent with the
RFC assessment must be considered only speculative.  See Day v.
Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (holding that the ALJ,
who was not qualified as a medical expert, should not have made his
own assessment of the claimant's condition).  The third reason cited,
that plaintiff suffered from no medication side effects, is not
convincing because plaintiff has not alleged that a part of her
disability includes adverse side effects.  Cf. Osenbrock, 240 F.3d at
1164 (claimant's allegation of adverse side effects was properly
refuted by lack of evidence.).  Rather, plaintiff has asserted,
without any dispute from the record, something worse than side
effects: that her pain medication has been ineffective despite taking
it "like candy." [AR 336.]  Cf. Moncada v. Chater, 60 F.3d 521, 524
(9th Cir. 1995) (per curiam) (ALJ gave specific reasons for
discrediting excess pain complaints where, among other things,
plaintiff said he used pain medication infrequently.).  Accordingly, a
perceived lack of medication side effects was not a clear and
convincing reason to discount plaintiff's credibility, and the
credibility evaluation on the whole was not supported by substantial
evidence.[3]

---

[3]  Although Issue Two requires reversal, Issue One does not.
Plaintiff contends in Issue One that the ALJ improperly disregarded
the opinion of her treating physician, Dr. Thomas Farnham. [JS 7.]
Dr. Farnham completed a Medical Source Statement stating that
plaintiff should be limited to work requiring her to lift no more than
20 pounds occasionally and 10 pounds frequently, stand for less than
two hours per day, sit for less than six hours per day, and

1        **E.    REMAND FOR FURTHER PROCEEDINGS**

2        The decision whether to remand for further proceedings is within

3   the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172,

4   1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by

5   further proceedings, or where the record has been fully developed, it

6   is appropriate to exercise this discretion to direct an immediate

7   award of benefits.  Harman, 211 F.3d at 1179 (decision whether to

8   remand for further proceedings turns upon their likely utility).

9   However, where there are outstanding issues that must be resolved

10  before a determination can be made, and it is not clear from the

11  record that the ALJ would be required to find the claimant disabled if

12  all the evidence were properly evaluated, remand is appropriate.  Id.

13       Here, although the credibility finding was erroneous, the record

14  has not been adequately developed to determine whether there is work

15  available for a person with plaintiff's limitations.  See Connett v.

16  Barnhart, 340 F.3d 871, 876 (9th Cir. 2003)(Where it is not clear from

17  the record that the ALJ would be required to determine the claimant

18  disabled if he had credited the claimant's testimony, "we are not

19  required to enter an award of benefits upon reversing the district

20  court.").  Specifically, the evidence from the vocational expert did

21  not directly address the substance of plaintiff's subjective

22  allegations and, thus, the record does not establish that plaintiff's

23  functional limitations render her disabled.  Accordingly, remand for

24  further proceedings is appropriate.  Connett, 340 F.3d at 876.

25

26  alternative between sitting and standing. [AR 252.]  This was not
    inconsistent with the ALJ's step four finding that plaintiff could
27  return to her past work as a hand packager, as the vocational expert
    testified that there were a significant number of such jobs that were
28  performed at the sedentary level with the option to alternate sitting
    and standing. [AR 345.]

9

### VI. <u>ORDERS</u>

Accordingly, **IT IS ORDERED** that:

1.    The decision of the Commissioner is **REVERSED**.

2.    This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3.    The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.


DATED: August 14, 2006

                                 _____/s/_____
                                 CARLA M. WOEHRLE
                                 United States Magistrate Judge

10